UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAMDOUH SALIM,

                 Petitioner,

-against-

AUSA_SDNY OFFICE,

                 Respondent.

22-CV-0721 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is currently incarcerated in the United States Penitentiary, Administrative Maximum Facility (ADX) in Florence, Colorado, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to challenge a Special Administrative Measure (SAM) prohibiting him from having any contact with his eldest son.[1] For the following reasons, this petition is transferred to the United States District Court for the District of Colorado.

    In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). The jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Venue for Petitioner's challenge to his conditions of confinement arising from his SAMs restriction therefore lies in the district of his confinement. *See U.S. v. Yousef*, No. 93-CR-0180 (KTD), 2011 WL 3422834, at *1 (S.D.N.Y. July 22, 2011) (holding that proper venue for petition challenging SAMs restrictions is the district where the petitioner is in custody); *Jabarah v. Garcia*, No. 08-CV-3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept.

---

[1] On March 22, 2022, Plaintiff paid the $5.00 filing fee to bring this petition.

20, 2010) (holding that the proper venue to bring a Section 2241 petition challenging SAMs restrictions is the district of confinement); *see also Allen v. Lindsay*, No. 09-CV-1283, 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010) ("The proper venue for a Section 2241 habeas petition challenging the conditions of confinement is the district where the petitioner is confined" ((citations omitted)); *United States v. Hashimi*, 621 F. Supp. 2d 76, 70 (S.D.N.Y. 2008) (stating that SAMs restrictions govern an inmate's "conditions of confinement").

Petitioner appears to argue that venue is proper in this District because he believes it was the United States Attorney for the Southern District of New York who, by requesting renewal of the SAM, "acted illegally in executing the life sentence which [Petitioner] is serving." (ECF 1, at 8.) Federal regulations specify that it is the Attorney General of the United States, and not the individual United States Attorney, who has the authority to implement SAMs restrictions. *See* 28 C.F.R. § 501.3(a) ("Upon the direction of the Attorney General, the Director, Bureau of Prisons, may authorize the Warden to implement special administrative measures that are reasonably necessary to protect persons against the risk of death or serious bodily injury."). In any event, as discussed above, Petitioner's challenge to the SAMs restrictions must be brought in the district of his confinement. *See Padilla*, 542 U.S. at 442.

Petitioner is currently detained in the ADX in Florence, Colorado, which is located in the federal judicial District of Colorado. Therefore, in the interest of justice, this Court transfers this petition to the United States District Court for the District of Colorado. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Colorado. This order closes this case.

2

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 4, 2022
         New York, New York

                                     /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                     Chief United States District Judge